**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**S.S, Natural Parent of A.S., a Minor;**
**and D.S., Natural Parent of**
**A.S., a Minor**                                                        **PLAINTIFFS**

**v.**                                 **3:07CV00124-WRW**

**BONO POLICE DEPARTMENT, City of Bono,**
**Arkansas; and RICKY D. DUHON, Bono Police**
**Chief, Individually and in his Official Capacity as a**
**Chief of Police for the Bono Police Department**          **DEFENDANTS**

<u>ORDER</u>

Pending is Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 23) and

Defendants' Motion for Summary Judgment (Doc. No. 26). Both parties have responded.[1]

Plaintiffs brought this action under 42 U.S.C. § 1983 and § 1988, under the Fourth, Fifth,

Sixth, Seventh, Eighth, and Fourteenth Amendments, in addition to the Arkansas Constitution

and Ark. Code Ann. § 15-123-101 *et seq*. Plaintiffs allege that Defendants' official policies,

practices, and customs involved the enforcement of illegal and immoral sexual conduct. For the

reasons set out below, Plaintiffs' Motion for Partial Summary Judgment is DENIED.

Defendants' Motion for Summary Judgment is also DENIED.

**I.      BACKGROUND**

The facts of this case are paraphrased below based on both parties' Undisputed Statement

of Material Facts:[2]

---

[1]Doc. Nos. 31, 34.

[2]Doc. Nos. 25,  28.

The City of Bono, Arkansas, is a city of the first class operating pursuant to its Charter and the laws of the State of Arkansas.[3]

In August of 2000, Separate Defendant Ricky D. Duhon ("Chief Duhon") became the Chief of Police for the City of Bono.[4]

On or about Saturday, December 21, 2005,[5] A.S., fourteen years old at the time, accompanied Chief Duhon in his police squad car during the Bono Christmas Parade.[6] After the parade, Chief Duhon asked the mother of A.S. if A.S. could accompany him in his squad car while he distributed Christmas baskets to the poor.[7] A.S. was permitted to go with Chief Duhon.[8] Chief Duhon sexually assaulted A.S. at Chief Duhon's house later that day.[9]

A.S. informed a school resource officer of the sexual assault several weeks later.[10] In January of 2006, Chief Duhon was arrested and charged with sexual assault in the first degree.[11] Chief Duhon plead guilty to this charge on August 7, 2006.[12]

This action was filed by Plaintiffs on September 7, 2007.[13]

---

[3]Doc. No. 25 (Ex. "1").

[4]*Id.* (Ex. "2").

[5]The parties have discussed and it is unclear the exact date of the alleged incident; however, it is not disputed that it was a Saturday.  See Doc. No. 28.

[6]Doc. No. 28 (Ex. "A").

[7]Doc. No. 25 (Ex. "2").

[8]*Id.* (Ex. "3").

[9]Doc. No. 28 (Ex. "A").

[10]*Id.* (Exs. "B" and "C").

[11]*Id.* (Ex. "E").

[12]*Id.*

[13]Doc. No. 1.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[14] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[15]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[16] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[17] I must view the facts in the light most favorable to the party opposing the motion.[18] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[19]

---

[14]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[15]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[16]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[17]*Id.* at 728.

[18]*Id.* at 727-28.

[19]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[20]

## III.    DISCUSSION

To eliminate all confusion, Plaintiffs' suit against Chief Duhon in his official capacity is actually a suit against the City of Bono in everything but name. Plaintiffs have sued two separate Defendants in this case: Chief Duhon and the City of Bono. This Order will deal exclusively with Plaintiffs' claims against the City of Bono.

A municipality can be held liable in a § 1983 case for the actions of its employees if (1) the plaintiff's damages were the result of an official policy or (2) the actions are so widespread and pervasive that they became the municipality's custom or practice.[21]

### A.  Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs contend that Chief Duhon was the final policymaker of law enforcement in the City of Bono and his challenged conduct was within his area of authority. I will first address the question of whether Chief Duhon is the final policymaker for the City of Bono. Under *Monell* and subsequent cases, an official policy can arise from a single act or decision by a final policymaker if that act or decision is within the policymaker's area of authority.[22] To support their claims, Plaintiffs cite an unpublished Order of this Court from 2000.[23] In *Hawkins*, I referred to a Fifth Circuit decision interpreting Arkansas statutory law:

---

[20]*Anderson*, 477 U.S. at 248.

[21]*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

[22]See *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649 (8th Cir. 1998).

[23]*Hawkins v. Webb*, No. 1:00-CV-00013-WRW (E.D. Ark. filed Feb. 2, 2000), Doc. No. 42.

> Under Arkansas law, a county sheriff, in the execution of the statutory duty to perform law enforcement activities in and for the county, is solely responsible for the procedures and practices of the department; there is no legislative authority or other higher body, beyond a court of law, to which the sheriff answers."[24]

The United States Supreme Court relied on that Fifth Circuit opinion when holding that Arkansas's sheriffs set the county policies in the area of law enforcement.[25] In addition, Arkansas statutory law states that "every deputy sheriff appointed as provided by law shall possess all the powers of his principal and may perform any of the duties required by law to be performed by the sheriff."[26] The language of this statute appears to give final policymaking authority to each county's sheriff.

However, Chief Duhon was not a county sheriff. A distinction in Arkansas law exists between sheriffs and chiefs of police as final policymakers. Unlike county sheriffs, chiefs of police are under the direction of a mayor with regard to policymaking. Chiefs of police in cities of first class "shall execute all process *directed to him by the mayor*. . ."[27] and "the duty of the chief of police and other officers of the police department shall be *under the direction of the mayor*."[28]

*Hawkins* is distinguishable because it involved a final policymaker (sheriff) rather than a chief of police. The mayor of the City of Bono has the final authority when official police policy is made; therefore, Chief Duhon was not the final policymaker.[29] Because of this, I need not

---

[24]*Id.* (quoting *Crowder v. Sinyard*, 884 F.2d 804, 828 (5th Cir. 1989) (citations omitted)).

[25]See *McMillan v. Monroe Co., Alabama*, 520 U.S. 781, 795, n.10 (1997).

[26]Ark. Code Ann. § 14-15-5039(a).

[27]Ark. Code Ann. § 14-52-202(a) (emphasis added).

[28]Ark. Code Ann. § 14-52-203(a) (emphasis added).

[29]Plaintiffs also cite *Stitz v. City of Eureka Springs*, 9 F. Supp. 2d 1046, 1055 (W.D. Ark. 1999) (holding that "plaintiff held a policymaking position when she served as Chief of Police.

address the second part of the test--whether the challenged action is within the policymaker's

area of authority. Accordingly, Plaintiff's Motion for Partial Summary Judgment is DENIED.

### B.  Defendants' Motion for Summary Judgment

Defendants contend that Plaintiffs have failed to create an issue of material fact on

whether the Defendants have an unconstitutional policy that caused Plaintiffs' daughter her

alleged injury under § 1983. Obviously, the City of Bono does not have an official written policy

that promotes sexual harassment of minors. However, liability may still be imposed if the actions

of the defendant are so widespread and pervasive that they become the municipality's custom or

practice. A plaintiff must allege facts which, if true, would tend to prove the following:

> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional
> misconduct by the governmental entity's employees; (2) deliberate indifference to
> or tacit authorization of such conduct by the governmental entity's policymaking
> officials after notice to the officials of that misconduct; and (3) that plaintiff was
> injured by acts pursuant to the governmental entity's custom, i.e., that the custom
> was the moving force behind the constitutional violation.[30]

In this case, there are material questions of fact in dispute for all three prongs of the test.

First, the parties disagree on whether Chief Duhon was on duty, wearing his uniform and badge,

and carrying his gun.[31] Second, Plaintiffs allege that Officer Jim Matha of the Bono Police

---

Given her assigned powers and duties, we believe the position of Chief of Police, the highest
ranking position in defendant's police department, was on a ***policymaking*** level.") (emphasis
added). While this may be true, *Stitz* involved a Title VII claim, not a § 1983 claim. The Western
District of Arkansas cautioned that "under § 1983, municipal liability can only be imposed if the
actor is a 'final' policy maker. The test is less stringent under Title VII, however, which only
requires that the appointee be on the 'policy making level.'" *Id.* at 1054. The chief of police in
*Stitz* merely qualified as a "policymaker" not the "final policymaker." For purposes of a § 1983
claim, Chief Duhon was not the final policymaker during his tenure with the Bono Police
Department, because he performed his duties at the direction of the mayor.

[30]*Springdale*, 133 F.3d at 653 (citing *Jane Doe "A" v. Special Sch. Dist. of St. Louis
County*, 901 F.2d 642, 646 (8th Cir. 1990).

[31]Compare Doc. No. 28 and Doc. No. 32.

Department was aware of Chief Duhon's inappropriate sexual relationship with another minor woman named Lavonna, and Officer Matha "indicated that he was going to speak about the issue with the Mayor."[32] Next, Plaintiffs assert that a city councilman, Frank Kellems, "told Mayor Duncan that he needed to do something about Rick Duhon and Lavonna or it could cause a problem someday."[33] In addition, Plaintiffs allege that Chief Duhon sexually assaulted their daughter not only once, but on three other occasions in his squad car, in his office, and at Plaintiffs' home.[34] Based on the record, it appears that Chief Duhon was not the only City of Bono employee who is guilty of unconstitutional misconduct.  Plaintiffs contend Officer Matha also sexually assaulted Plaintiffs' daughter after the arrest and conviction of Chief Duhon.[35]

Because there are genuine issues of material fact in dispute, Defendants' Motion for Summary Judgment is DENIED.

### C.  State Law Intentional Torts

Plaintiffs sued Chief Duhon individually under a variety of Arkansas common law tort theories. An Order of Default Judgment was entered against Chief Duhon on June 24, 2008.[36] Plaintiffs still seek a jury trial on the issue of damages under these theories. However, Plaintiffs

---

[32]Doc. No. 32.

[33]*Id.*

[34]*Id.*

[35]*Id.*

[36]Doc. No. 16.

wish to clarify that they are not seeking to hold the City of Bono liable for Chief Duhon's state law intentional torts.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 23) is DENIED, and Defendants' Motion for Summary Judgment (Doc. No. 26) is also DENIED.

IT IS SO ORDERED this 1st day of October, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE