IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ASHLEY SUTFIN                                                                                    PLAINTIFF

VS.                                            3:07-CV-00124-WRW

CITY OF BONO, ARKANSAS, et al.                                                DEFENDANTS

**ORDER**

Pending are Defendants' numerous Motions in Limine (Doc. Nos. 57-63) and Plaintiff's multi-part Motion in Limine (Doc. No. 64). Responses have been filed.[1] Each motion is addressed below.

**Defendants' First Motion in Limine (Doc. No. 57)** asks that Plaintiff be prevented from offering "any evidence concerning the existence of the Arkansas Municipal League, the fact that counsel is employed by the Municipal League, or that the City of Bono had liability insurance with Travelers Insurance Company."[2] Plaintiff concedes the motion, provided that Defendants are prevented from asserting that "the tax payers or any individual will be responsible . . . by payment of the judgment . . . or that the City of Bono does not have sufficient funds to pay, or would experience a fiscal hardship . . . ."[3] The parties' requests seem reasonable and are GRANTED.

In their **Second Motion in Limine (Doc. No. 61)**, Defendants assert that Plaintiff should be prevented from using the term "rape" at trial. The motion is GRANTED. Plaintiff may use the term Sexual Assault in the First Degree. Any deposition that used the word "rape" must have

---

[1]Doc. Nos. 66, 73.

[2]Doc. No. 57.

[3]Doc. No. 66.

"Sexual Assault in the First Degree" or "First Degree Sexual Assault" substituted. All deponents who might be examined about a deposition must have this change carefully explained to them.

**Defendants' Third Motion in Limine (Doc. No. 58)** asserts that Plaintiff should not be allowed to introduce certain Arkansas statutes into evidence: Ark. Code Ann. § 14-52-202 (Powers and Duties of the Chief of Police); § 5-14-124 (First Degree Sexual Assault); and § 12-12-507 (Reports of Suspected Abuse or Neglect). Defendants contend that providing the jury with these criminal statutes "would only confuse and/or mislead the jury." I'm inclined to allow this, unless Defendants can cite specific to the contrary.

**Defendants' Fourth Motion in Limine (Doc. No. 62)** seeks to "preclude any evidence of the subsequent acts and conduct related to plaintiff A.S. and former officer Matha," since the officer is not a defendant in this case, and "any allegations concerning Jim Matha occurred subsequent to Plaintiff's allegations." Defendants contend that Plaintiff likely will introduce such evidence "in an attempt to prove deliberate indifference on the part of the City of Bono." I am undecided on this issue. Plaintiff should submit additional citations of specific authority by noon, Thursday, July 9, 2009 and Defendants should reply by 5 p.m., Friday, July 10, 2009.

**Defendants' Fifth Motion in Limine (Doc. No. 59)** objects to Plaintiff introducing Dr. Dan Johnson's (Plaintiff's retained expert) curriculum vitae and report into evidence, because they are both "hearsay documents."

While CVs are routinely admitted into evidence, it appears to me that they are garden variety hearsay, thus the document itself must be excluded. Any specific citation to the contrary by Plaintiff would be welcome.

I assume, also, that the expert's report is hearsay, although, as Plaintiff's counsel points out, it <u>might</u> become relevant as a prior consistent statement (a hearing outside of the presence of the jury would be required if Plaintiff submit the report, or any part of it, under this theory).

**Defendants' Sixth Motion in Limine (Doc. No. 60) --** to prevent Plaintiff from introducing into evidence "any newspaper article or media report concerning the incidents at issue in this litigation" -- is GRANTED.  The late Irving Younger loved to relate, when discussing hearsay, a case -- I believe it arose in Georgia -- in which the court allowed a newspaper account of a fire.  The account was from days long gone by.  The court took pains to point out that it was not admitting this newspaper account under the "ancient documents" exception, nor was it creating a "newspaper article" exception.  Professor Younger claimed that several subsequent courts relied upon this case, claiming that it created a "newspaper" exception.  I believe the opinion to which Younger referred was written by Judge John Minor Wisdom.

Additionally, in *United States v. Tucker*, 78 F.3d 1313 (8th Cir. 1996), the Eighth Circuit took an unusual, liberal view of the admissibility of newspapers articles.  But I don't believe that it has been or will be followed as precedent.

Accordingly, unless I am missing something, the newspaper articles or media reports will not be admitted.

In their **Seventh Motion in Limine (Doc. No. 63)**, Defendants assert that Plaintiff should be precluded from testifying "as to the knowledge of one or more police officers of the Bono Police Department."  Specifically, Defendants contend that Plaintiff will attempt to get into evidence a statement contained in an expert report -- "other police officers knew he [Matha] was talking to me [about the Duhon incident]."  I do not know from the papers filed what I am supposed to rule upon.  Generally, however, a bald statement by an individual that another person, other persons, "knew" something is not admissible.

**Plaintiff's multi-part Motion in Limine (Doc. No. 64)** is GRANTED in PART, DENIED in PART, and held in ABEYANCE in PART, as set out below:

• Plaintiff contends that "[a]ny evidence relating to Plaintiffs' daughter's alleged sexual history and/or alleged promiscuity should be excluded . . . because the probative value (if any) is substantially outweighed by the danger of unfair prejudice." This issue is held in abeyance and will be ruled on after the F.R.E. Rule 412 hearing on July 14, 2009.

• Plaintiff asserts that Defendants should be prohibited from admitting evidence suggesting that Chief Duhon, Jim Matha, or Mayor Duncan were exempt from the mandatory reporting statute, because "[e]ach of these individuals were clearly mandated reporters . . . ." This request is GRANTED as to Officers Duhon and Officer Matha. However, the motion is DENIED as to Mayor Duncan, because I could find nothing in the statute that would suggest it applies to a mayor. If Plaintiff has a citation to the contrary, she may ask for reconsideration.

• Plaintiff's request that Defendants be prohibited from "introducing any evidence or making any argument to the jury that the tax payers will be harmed by payment of the judgment in this case" is GRANTED.

IT IS SO ORDERED this 6th day of July, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE